UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
     v.                         )      Cr. No. 94-10047-MLW
                                )
DARIUS HINES,                   )
          Defendant.            )

                       MEMORANDUM AND ORDER

WOLF, D.J.                                        November 24, 2010

     Defendant Darius Hines is serving a 214 month[1] sentence, imposed by Judge Robert Keeton, for distribution of cocaine base. As a result of Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which, as of March 3, 2008, generally retroactively reduces by two levels the offense level for crimes involving crack cocaine, Hines moved for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §2B1.10 (the "Motion"). As Hines is indigent, counsel was appointed to represent him. However, Hines appears nonetheless to have prepared the submissions to the court made on his behalf.[2] The parties did

---

[1] Judge Keeton originally sentenced Hines to 234 months. See Judgment (Docket No. 480). However, on May 18, 2004, Judge Keeton reduced the sentence to 214 months. See Amended Judgment (Docket No. 836). This reduction was granted to reflect the 20 months that Hines had served in state custody before commencing his sentence in the present case. See May 18, 2004 Motion Hearing Tr. at 3-4.

[2] Although counsel was appointed to represent Hines, it appears that Hines primarily, if not exclusively, represented himself. His Motion is titled a pro se motion, and while it was submitted to the court by appointed counsel, counsel's cover letter refers to the Motion as pro se. See Motion at 1, 2. This is also true of Hines' response to the government's motion to dismiss his Motion (Docket No. 910), and of his motions to supplement his Motion (Docket Nos. 914 and 918).

not file a Joint Status Report concerning the Motion, as ordered by the court.  Instead, the government moved to dismiss Hines' Motion.  <u>See</u> Govt. Motion to Dismiss Petitioner's Action under 18 U.S.C. §3582 for Sentence Reduction ("Govt. Motion") at 1.  In response, Hines filed two motions to supplement his original Motion.  <u>See</u> Motion for Permission to File Supplemental Argument and Authorities to Part C.2 of Defendant's 18 U.S.C. §3582(c)(2) Motion and Motion to Supplement Record in Support of Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2)("Supplemental Motions").

The government asserts that the defendant is ineligible for a sentence reduction because he was sentenced as a career offender under U.S.S.G. §4B1.1, not under the crack cocaine provisions of U.S.S.G. §2D1.1.  Although Hines acknowledges that he was sentenced as a career offender, he asserts in his Motion that he is eligible for a sentence reduction because "2D1.1 represent[s] the starting point of every sentencing pre and post <u>Booker</u>, even if the defendant was ultimately sentenced under 4B1.1," and thus "the sentence even of a correctly denominated career offender is 'based on' the guideline which was amended."  Motion at 5.

In his two supplemental motions, Hines acknowledges that under <u>United States v. Caraballo</u>, Amendment 706 does not apply to defendants whose sentences were based on the career offender guidelines.  <u>See</u> <u>Caraballo</u>, 552 F.3d 6, 9-10 (1st Cir. 2008).  He argues, however, that because Judge Keeton departed from the career

2

offender guidelines in sentencing him below the low end of the guideline range, <u>Caraballo</u> does not apply to him. Moreover, Hines argues that he is "actually innocent" of his career offender classification because the two prior sentences on which his career offender status was based were imposed in related cases, making them an improper basis for a career offender designation. Motion to Supplement Record in Support of Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2) at 3. Thus, as an alternative basis for relief, Hines asks the court to construe his §3582 motion as a habeas petition.

Under <u>United States v. Cardosa</u>, a defendant is eligible for resentencing under Amendment 706 if the sentencing court departed downward from the career offender guidelines to rely instead upon the crack cocaine guidelines. <u>See</u> <u>Cardosa</u>, 606 F.3d 16, 20 (1st Cir. 2010). That is not such a case. The transcript reveals that Judge Keeton sentenced Hines to 292 months, the low end of the career offender guideline range, and then subtracted an additional 58 months for time Hines had already served in state custody pursuant to §5G1.3(c). <u>See</u> May 21, 1998 Tr. at 13-14, 19.[3] Hines' sentence was, therefore, based on the career offender guidelines,

---

[3] Section 5G1.3(c) states, in pertinent part, that in a case "involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." §5G1.3(c).

not on the crack cocaine guidelines, rendering him ineligible for a reduced sentence under Amendment 706.

The court declines to construe Hines' Motion as a habeas petition because Hines has since filed a separate habeas petition, asserting the same grounds for relief advanced in his Supplemental Motions. <u>See</u> Motion to Correct Sentence with Incorporated Memorandum of Law in Support Thereof. The court will address Hines' claim of actual innocence in the context of that petition.

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion (Docket No. 904) is DENIED.

2. The Supplemental Motions (Docket Nos. 914 and 918) are ALLOWED to the extent that they request permission to file supplemental arguments and authorities, and DENIED to the extent that they request a reduced sentence.

3. The Government's Motion to Dismiss Petitioner's Action Under 18 U.S.C. §3582 for Sentence Reduction (Docket No. 906) is ALLOWED.

/s/ MARK L. WOLF
───────────────────────────
UNITED STATES DISTRICT JUDGE